```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
HAROLD D. HOUSE,

                    Plaintiff,

     - against -                              MEMORANDUM & ORDER
                                              04-CV-0449(JS)(ETB)

PASQUALE ERMINIO GUADAGNO,
FMI, INC., DAVID PARSONS,
DUPONT SECURITIES, SANDY WEISS,
RANDY STRAUSBERG, JON BLOOMBERG,
SHOSHANA KAIMANN, MARC GREENSPAN,
GEORGE WARDE, JERRY SENDROW,
SILVIO REALI, CHARLES ROESKE,
and BOB GIGLIOTTI,

                    Defendants.
----------------------------------x
APPEARANCES:
For Plaintiff:      Harold D. House, Pro Se
                    56 South Country Road
                    Westhampton, New York 11977

For Defendant:
Weiss               Sandy Weiss, Esq., Pro Se
                    265 Sunrise Highway, Suite 30
                    Rockville Centre, New York 11570

Guadagno, FMI,      James M. Felix, Esq.
Gigliotti, Roeske   Kilhenny & Felix
                    275 Seventh Avenue, Suite 2300
                    New York, New York 10001

Remaining Defendants    No Appearance

SEYBERT, District Judge:
```

On December 9, 2005, the Court "so ordered" a proposed stipulation dismissing the above-captioned action with prejudice ("December 2005 Order"). On January 9, 2006, pro se Plaintiff Harold D. House ("Plaintiff" or "House") filed a proposed order to

show cause requesting that the Court vacate the December 2005 Order. Plaintiff contends that he only intended to dismiss his claims against certain of the named Defendants and had no intention to dismiss the action in its entirety.

Subsequent to a conference held in February 2006, the Court received submissions from the Parties concerning the circumstances of the settlement that led to the filing of the stipulation of dismissal. In the Court's Order dated April 20, 2006 ("April 2006 Order"), the Court granted the Parties permission to submit any additional evidence that they wished the Court to consider, but warned that any additional evidence must be submitted "no later than Wednesday, May 10, 2006." Finally, the Court directed that "[b]y May 10, 2006, the Parties should also submit memoranda of law explaining why Plaintiff is (or is not) entitled to have his stipulation of dismissal vacated." (April 2006 Order 2.) Both parties complied with the Court's April 2006 Order, and over the following year, submitted additional letters to the Court. Due to a clerical error, Plaintiff's motion was never docketed as a motion, and therefore never came to the Court's attention. Nearly three years later, with the case still appearing as closed, House submitted his most recent letter to the Court seeking to clarify earlier-filed submissions by the Defendants and to ask the Court to decide his motion. The Court, as a result of the

aforementioned clerical error, erroneously rejected House's most recent letter submission. Accordingly, the Court's Notice, dated December 4, 2009 should be disregarded.

Pending before the Court is Plaintiff's motion to vacate the stipulation of dismissal with prejudice, dated November 29, 2005. For the reasons discussed below, Plaintiff's motion is DENIED.

## BACKGROUND

Due to his default on his mortgage, House was named as a defendant in a foreclosure action in the Supreme Court of New York. Thereafter, House brought an emergency Order to Show to stay the foreclosure sale, which was scheduled for November 2, 2005. The Court granted the application and set the matter down for a hearing on November 2, 2005 just prior to the scheduled sale. House, Richard Bartel, Esq. ("Bartel"), who held a second mortgage on the house, Samit Patel, Esq., the attorney for Wells Fargo, James Felix, the attorney for the named corporate defendant, Franchise Management International, Inc., which held a third mortgage on the property, and William F. Andes, II., Esq., the court appointed referee, were all present at the hearing. The parties entered into a stipulation which, in essence, stated that House would pay $50,000.00 to Franchise in satisfaction of its third mortgage within twenty-eight days of the hearing date. In return for the

payment, Franchise was to provide House with a satisfaction of the mortgage. The house was to be sold to Bartel within the time period noted. Additionally, House, Franchise, Felix, Weiss, Guadagno, Reali, Roeske, and Gigliotti, not all of whom were named defendants in the foreclosure action, were to exchange general release. The stipulation also stated that House would execute a stipulation of discontinuance with prejudice as against parties not named in the stipulation and unnamed in this Federal Court action.

At the hearing, House, appearing pro se, was sworn in at Justice Whelan's direction, and specifically questioned regarding: (1) his understanding of the stipulation and its ramifications; (2) whether he was entering into the stipulation of his own free will and that no one forced him to enter into the stipulation; and (3) whether it was in his best interests. House answered in the affirmative to the questions asked of him by the Court. The property was then transferred to Bartel, and the first and third mortgages were satisfied.

Thereafter, House made two separate applications to set aside stipulations between the parties: one in the New York State Supreme Court, and one in this Court. In determining that it was improper to set aside the stipulation in the State court proceedings, Judge Whelan stated:

> In ascertaining the intent of the parties in a

> stipulation where the intent of the parties is clear and unambiguous, the court's inquiry is ended (see Brennan v. Brennan, 300 A.D.2d 524, 655 N.Y.S.2d 670 [3d Dept. 1997]). Here, the Court finds House's assertions contained in his affidavit to set aside the stipulation to be an ill-disguised attempt to raise feigned issues designed to avoid the consequences of the stipulation settling the foreclosure action agreed to in open court (see[,] e.g.[,] Semple v. Sterling Estates, LLC, 300 A.D.2d 297, 751 N.Y.S.2d 306 [2d Dept. 2003]).

Wells Fargo Bank v. House, No. 04-CV-1604 (Apr. 24, 2006).

DISCUSSION

I. Standard For Vacating Final Judgment

Rule 60(b) of the Federal Rules of Civil Procedure permits a court to vacate a final order or determination for

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." United States v. Int'l Bd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001). "The standard for granting such a motion is strict[,]" with the burden of proof on

5

the party seeking reconsideration. Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995); see also Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004). Motions for reconsideration may not be granted where the party seeks solely to repackage or relitigate arguments and issues already considered by the Court. See Shrader, 70 F.3d at 257 ("Admittedly, a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."). Reconsideration may only be granted "to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law[,] or prevent manifest injustice." Cornett v. Brown, No. 04-CV-0754, 2007 U.S. Dist. LEXIS 68668, at *9 (E.D.N.Y. Sept. 27, 2007).

When deciding a motion pursuant to Rule 60(b), "a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." Stewart Park & Reserve Coal. Inc. v. Slater, 374 F. Supp. 2d 243, 253 (N.D.N.Y. 2005) (quoting Kotlicky v. U.S. Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)). "Rule 60(b) motions are left to the sound discretion of the district judge." Id. (citing Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf, 930 F.2d 240, 244 (2d Cir. 1991)).

II. Plaintiff Fails To Meet His Burden

House has made several submissions with additional "evidence," purportedly demonstrating that the stipulation was

fraudulently entered.  Despite the Court's burden to interpret pro se filings liberally, however, it cannot conclude that any of the papers submitted by Plaintiff establish the necessary burden for overturning the stipulation.  If anything, some of Plaintiff's submissions actually hinder his cause.  For example, Plaintiff includes as an attachment to his motion a copy of the Supreme Court opinion in which Justice Whelan characterizes House's application as an "ill-disguised attempt to raise feigned issues designed to avoid the consequences of the stipulation[.]" Wells Fargo Bank v. House, No. 04-CV-1604 (Apr. 24, 2006).  Although this opinion was rendered in the state court proceedings, due to the similarities of the stipulations, the parties involved, and the nature of Plaintiff's applications in both cases, this Court finds Justice Whelan's opinion persuasive as to the parties' intentions.

Moreover, the record shows that Plaintiff was specifically questioned as to his intentions regarding the stipulations in the state court proceedings.  House's willingness to enter into the stipulations after the hearing, and the language of the stipulation itself, indicate that Plaintiff's current application is no more than an attempt to avoid the consequences of the dismissal.  But a desire to avoid the consequences of his settlement is insufficient grounds to overturn the stipulation pursuant to Rule 60(b).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is DENIED. The case shall remain CLOSED. The Clerk of the Court is directed to mail a copy of this Order, along with a copy of the updated docket sheet, to Plaintiff.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March 9 , 2010
Central Islip, New York